**AFFIRM as Modified; Opinion Filed November 7, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-01272-CR
No. 05-12-01273-CR

**KENNETH ERIC HADDAD, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-59239-W and F10-52190-W**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice Evans

In these consolidated appeals, Kenneth Eric Haddad challenges the trial court's judgment adjudicating his guilt and revoking his community supervision for the offenses of retaliation and aggravated assault with a deadly weapon. In his first four points of error, appellant generally complains that the judgment in each case incorrectly shows that (1) he entered a plea of true to the allegations in the State's motion to adjudicate, and (2) the trial court found both of the State's violation allegations to be true. In points of error five and six, appellant contends there is insufficient evidence to support the trial court's assessment of court costs. After reviewing the record, we agree that the judgments should be modified as requested by appellant in points of error one through four. We also conclude, however, that appellant's fifth and sixth points of error

lack merit. Accordingly, we modify the judgments as appellant requests in points one through four and affirm the judgments as modified.

## FACTUAL BACKGROUND

Pursuant to a negotiated plea agreement, appellant pleaded guilty to the offenses of retaliation and aggravated assault with a deadly weapon. In accordance with the agreement, the trial court deferred adjudicating appellant's guilt and placed him on five years of community supervision. The State later moved to adjudicate guilt and revoke appellant's community supervision in each case alleging that he violated the following two conditions of his community supervision: (1) Condition A — appellant committed aggravated robbery on August 6, 2011; and (2) Condition J — appellant failed to pay his community service fees and was delinquent in the amount of $120.

After a hearing on the State's motions, the trial court signed judgments in each case adjudicating appellant guilty and revoking his community supervision. The trial court sentenced appellant to ten years' imprisonment in each case. The trial court's judgments state that appellant pleaded true to the State's motions and also indicate that the trial court found both of the State's violation allegations "true." Additionally, the trial court ordered appellant to pay court costs of $294 in the retaliation case and $344 in the aggravated assault case. These appeals ensued.

## ANALYSIS

In points of error one and two, appellant contends the judgments incorrectly reflect that he pleaded true to the violations alleged in the State's motions to adjudicate and revoke community supervision. In points of error three and four, appellant asserts that the judgments incorrectly indicate that the trial court found appellant violated both conditions of community supervision alleged in the State's motions to adjudicate. The State concedes that the judgments

are incorrect as asserted by appellant in points one through four. The State also agrees that the judgments should be modified in the ways requested by appellant. Our review of the record confirms that appellant did not plead true and instead contested the violation allegations in the State's motions. Moreover, it appears that after hearing the evidence, the trial court found that appellant violated only the condition A of his community supervision and not Condition J. Specifically, the trial court stated at the conclusion of the hearing, "I find allegation A to be true. I find allegation J not to be true, based on the fact that [appellant] was incarcerated shortly after he was placed on probation." When the record provides the necessary information to correct inaccuracies in a judgment, we have the authority to modify the judgment to speak the truth. *See* TEX. R. APP. P. 43.2(b); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we sustain appellant's first, second, third, and fourth issues and modify the judgments as requested.

In his fifth and sixth points of error, appellant challenges the sufficiency of the evidence to support the trial court's assessment of $294 in court costs in the retaliation case and $344 in court costs in the aggravated assault case. Specifically, appellant argues the evidence is insufficient to support the imposition of court costs because the clerk's records do not contain a written bill of costs. Appellant's designations of record on appeal did not specifically request a clerk's bill of costs in these cases and, at the time appellant's brief was filed, the clerk's records did not contain them. We ordered the clerk to file supplemental records containing the certified bill of costs associated with each case and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (allowing supplementation of clerk's record if relevant item omitted). Accordingly, appellant's insufficiency complaint based upon the absence of a bill of costs is now moot. *See Coronel v. State*, 05-12-00493-CR, 2013 WL 3874446 at *4 (Tex. App.—Dallas July 29, 2013, no pet. h.).

Appellant has filed an objection to the supplemental clerk's records arguing that (1) the bills of costs are unsigned, unsworn computer printouts that do not qualify as a proper bill of costs under article 103.001 of the Texas Code of Criminal Procedure, and (2) there is no indication the printouts were ever filed in the trial court or brought to the attention of the trial judge before costs were included in the judgments. We have previously addressed and rejected these arguments in *Coronel*. *See id*. at \*4–5. Accordingly, we overrule appellant's objection as well as his fifth and sixth issues.

We sustain appellant's first, second, third, and fourth points of error. We modify the judgments in trial court cause numbers F-1059239-W and F10-52190-W to reflect that (1) appellant entered a plea of "not true" to the State's motion to adjudicate and revoke community supervision, and (2) the trial court found "true" the State's allegation that appellant violated condition A of his community supervision, and found the State's allegation that appellant violated condition J of his community supervision "not true."

We affirm the trial court's judgments as modified.

/David Evans/
_____
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121272F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KENNETH ERIC HADDAD, Appellant

No. 05-12-01272-CR            V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F10-59239-W
Opinion delivered by Justice Evans, Justices O'Neill and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

(1) Appellant entered a plea of "not true" to the State's motion to adjudicate and revoke community supervision, and

(2) the trial court found "true" the State's allegation that appellant violated condition A of his community supervision and found "not true" the State's allegation that appellant violated condition J of his community supervision.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 7th day of November, 2013.

/David Evans/
DAVID EVANS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KENNETH ERIC HADDAD, Appellant

No. 05-12-01273-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F10-52190-W
Opinion delivered by Justice Evans, Justices O'Neill and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

    (1) Appellant entered a plea of "not true" to the State's motion to adjudicate and revoke community supervision, and
    (2) the trial court found "true" the State's allegation that appellant violated condition A of his community supervision and found "not true" the State's allegation that appellant violated condition J of his community supervision.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 7th day of November, 2013.

/David Evans/
DAVID EVANS
JUSTICE